**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SECOND DIVISION**

| | | |
|---|---|---|
| **JOEL LOOSE,** | ) | **CASE NO. 0:00 CV 1601 (JMR/SRN)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **AGREED PROTECTIVE ORDER** |
| **PACKAGING ACQUISITION CORPORATION, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter came before the Court pursuant to Fed. Rule of Civ. Proc. 26(c) for the entry of an Agreed Protective Order governing the disclosure by Defendant Packaging Acquisition Corporation (including its wholly-owned subsidiary, PAC One, Inc., and Lamcor, Inc.) of documents and information therein pertaining to proprietary and/or confidential matters (together referred to as "Confidential Information"). Defendant agreed to produce such documents only on the agreement that such Confidential Information will be disclosed only as provided herein. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:

1. This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. This Protective Order shall govern all materials produced by Defendant and deemed by Defendant to be "Confidential Information." Such Confidential Information shall include, but may not be limited to, the following:

FILED MAR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(a) Any and all documents regarding employees or former employees of Defendant, other than Plaintiff;

(b) Any and all information regarding the business of Defendant;

(c) Any and all financial statements or records and shareholder information regarding Defendant; and

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. Defendant may, at any time, prior to disclosure, deem further materials produced by Defendant in response to written discovery requests as Confidential Information. Defendant may also deem further materials produced by Plaintiff which are exact copies or duplicates of documents produced by Defendant (or any other person or entity) as Confidential Information. Upon agreement by the parties, the definition of Confidential Information also may be expanded to include documents (which are not exact copies or duplicates of documents produced by Defendant) produced by Plaintiff or any other entity. If the definition of Confidential Information is so expanded, the terms of this Protective Order shall apply to and govern the additional Confidential Information.

4. All information produced by Defendant or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, may, at the instance of Defendant, be deemed Confidential Information and subject to the restrictions set forth herein.

5. In the case of documents and the information contained therein, designation of Confidential Information produced by Defendant shall be made by placing the following legend on the face of the document and each page so designated: CONFIDENTIAL, or otherwise expressly identified as confidential.

Defendant will use its best efforts to limit the number of documents designated Confidential.

6. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed and shall be used only for purposes of this federal lawsuit and the specific allegations made therein. Confidential Information shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. The parties will use their best efforts so as to preclude access by persons who are not qualified recipients to all produced Confidential Information.

7. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this federal litigation, their officers and employees.

8. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as a contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted

to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If Plaintiff objects to the claims that information should be deemed Confidential, Plaintiff's counsel shall inform Defendant's counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, Plaintiff may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this federal action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

10. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

11. Upon termination of this federal action by entry of a final judgment (inclusive of any appeals or petitions for review), Defendant may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Plaintiff will not be required to return any communications which are protected by the attorney-client privilege or work product doctrine.

12. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Protective Order.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

14. Should Confidential Information become the subject matter of a pleading, motion or other court filing, Defendant may seek leave, upon further order of the Court and for good cause shown, to file such Confidential Information as a suppressed document or under seal.

Dated: March 20, 2001

Susan Richard Nelson

Susan R. Nelson
United States Magistrate Judge

Agreed to and consented by:

Gary L. Monahan
Counsel for Plaintiff

Lester W. Armstrong
Counsel for Defendant

c:\pacone\loose\pldgs\protective.order

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.